GUBERNATORIAL OATH OF OFFICE The oath of office taken by the Governor which includes a prohibition against receiving compensation from private sources for performing his official duties does not apply to employees of the Governor; however, such employees are bound by the Oklahoma Code of Ethics for State Officials and Employees prohibiting the receipt of private compensation which is given to influence the discharge of official duties, or which would impair the employee's independence of judgment. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Does the oath of office taken by the Governor which includes the language "that I will not knowingly, receive directly or indirectly, any money or other valuable thing for the performance or nonperformance of any act or duty pertaining to my office" apply to employees of the Governor? The nature of an oath, in general, was discussed by the Supreme Court of Utah in McKnight v. State Land Board, 381 P.2d 736: "An oath is a pledge the security of which is found in the character, integrity and fidelity of the declarer . . . The purpose of an oath is to avoid a violation of a pledge or promise . . . In its broadest sense, the term 'oath' is used to include all forms of attestation by which one signifies that he is bound in good faith to perform." With respect to the question of whether an oath can extend to persons other than the person making the oath, it was held by the Supreme Court of Tennessee in the case of Turner v. Bell,279 S.W.2d 71 "No person may swear in a representative capacity, an oath is personal." By its terms, the oath of office taken by the Governor only applies to the Governor, since the word "I" is used. A reading of the above authorities clearly leads to the conclusion that an oath does not apply to others since its security is "found in the character, integrity and fidelity of the declarer" and since it is personal and may not be taken in a "representative capacity." Employees of the Governor do not, however, have an unrestricted right to accept compensation from private sources. The Oklahoma Code of Ethics for State Officials and Employees, 74 O.S. 1401 [74-1401] (1971) et seq. provides in 1404: "No state employee shall: "(a) Directly or indirectly accept any compensation, gift, loan, entertainment, favor, or service given for the purpose of influencing such employee in the discharge of his official duties. "(e) Receive any compensation that would impair his independence of judgment, or his services as an officer or employee of any state agency, from any source other than the State of Oklahoma, unless otherwise provided by law. . ." It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The oath of office taken by the Governor which includes a prohibition against receiving compensation from private sources for performing his official duties does not apply to employees of the Governor; however, such employees are bound by the Oklahoma Code of Ethics for State Officials and Employees prohibiting the receipt of private compensation which is given to influence the discharge of official duties, or which would impair the employee's independence of judgment. (Joe C. Lockhart)